Curia, per O’Neall, J.
In this case we think the defen *303 dant was very properly convicted. That there had been a larceny committed, and by the slave too, as charged in the indictment, seems not to admit of doubt, when it is remembered how the goods went into the possession of the defendant, how they were found, and how manifestly they appeared to be part of the box opened and found at the Rail Road depot.
In running over these facts, it is perfectly clear that the slave had the hats in his possession, and delivered them to the defendant, by whom they were concealed, and who used every effort in his power to prevent a discovery. The slave’s possession of goods furtively acquired, raises in law the pre'sumption that he was the thief. It is, however, supposed, as a servant in possession, he could not commit a larceny. This supposes he had rightfully the possession, as the servant of the owner. But, in fact, he was the servant of the carrier, and had, therefore, no such possession as could in any way screen him from a conviction for larceny. If, however, the carrier had been, in his own person, in .possession, and had broken the bulk and secretly appropriated part of the goods to his own use, he would have been guilty of larceny. The case of The State v. Thurston is full to that point. The goods were directed to C. C. Henderson, Lincolnton, N. C. A merchant, Charles Cotesworth Henderson, who advertised as Charles C. Henderson, was shown to do business as a merchant at that place. This, it is true, was slight evidence, but yet it furnished a ground to believe that they were his: and this was enough for the jury. But it was perfectly immaterial whether the proof showed that fact or not. For if there was no proof of ownership in him, then they were the goods of a person unknown, and in that respect the indictment covered them.
The remark of the Judge about the presence of a witness who, if he had been sworn, might have removed some of the difficulties in the way of conviction, was so guarded and qualified that it could have had no effect whatever against the prisoner. Indeed the prisoner ought to have been the last to complain of the charge of the Judge below. He gave him the benefit of the most favorable construction which could be given to the testimony.
The motion is dismissed.
Evans, Wardlaw and Frost, JJ. concurred.

Motion refused.